IN THE U.S. DISTRICT COURT
FOR THE DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| **DANIELLE SOLLARS,**  ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. _____ |
| ) | |
| **AMERICAN FAMILY MUTUAL** ) | Division No. _____ |
| **INSURANCE COMPANY** ) | |
| 6000 American Pkwy. ) | |
| Madison, WI 53783 ) | |
| ) | DEMAND FOR JURY TRIAL |
| Serve: CSC – Lawyers Incorporating ) | |
| Service Company ) | |
| 221 Bolivar St. ) | |
| Jefferson City, MO 65101 ) | |
| Defendant. ) | |

## COMPLAINT

COMES NOW Danielle Sollars, and for her Complaint against the above-named Defendants, alleges and states as follows:

### PARTIES, GENERAL ALLEGATIONS, JURISDICTION AND VENUE

1.      Plaintiff is now, and at all times relevant to the allegations in this Complaint, was a resident and citizen of the state of Missouri.

2.      Defendant, American Family Mutual Insurance Company (hereafter "American Family") is engaged in an industry affecting commerce, and, upon information and belief, employs more than 100 regular employees. Defendant American Family is a corporation authorized to do business in the state of Missouri, (containing within its charter the requisite authority to sue and be sued), and does business in this judicial district, doing business at various locations within Missouri, at relevant times referred to herein, and specifically at 4802 Mitchell

Ave., St. Joseph, MO 64507. Defendant American Family is an employer as defined in R.S.MO §213.010.

3. Defendant American Family, at all times relevant hereto, are "employers" and Plaintiff was an "employee" of Defendant American Family, within the meaning of R.S.Mo. §213.010.

4. Plaintiff has exhausted all available administrative remedies. On March 26, 2018, Plaintiff filed her initial Charge of Discrimination based on discrimination of sex, pregnancy, and disability with the Missouri Commission on Human Rights ("MCHR") against Defendant AMPC, charge number E-03/18-49295, attached hereto as Exhibit "A".

5. On September 28, 2018, the MCHR issued a Notice of Right to Sue for charge number E-03/18-49295, attached hereto as Exhibit "B". This Petition is filed within 90 days of the Notice of Right to Sue.

6. This action has been timely commenced by the filing of this Petition, and Plaintiff has duly met all administrative requirements of the MHRA.

7. Both jurisdiction and venue are proper in this federal Court. The amount in controversy exceeds $75,000.00. This Court has diversity jurisdiction under 28 U.S.C. §1332. All of the unlawful employment practices were committed in this jurisdiction.

8. This case arises under the Missouri Human Rights Act, R.S.Mo. §213.010, et seq., making jurisdiction appropriate in this Court.

## FACTUAL BACKGROUND

9. Plaintiff was hired by Defendant American Family December 9, 2002 as a Commercial Lines Processor. Plaintiff has been promoted 3 times during her employment with

Defendant American Family, with the recent promotion occurring in 2016 to Customer Value Team Manager.

10. Plaintiff performed her job duties and responsibilities satisfactorily, receiving good performance evaluations, and provided a salary increase in March 2017. Plaintiff had never received a disciplinary action, nor was she placed on a Performance Improvement Plan, during her employment tenure with Defendant American Family.

11. Plaintiff learned that she was pregnant in April 2017 with an expected due date of December 27, 2017, and advised Defendant of her pregnancy in approximately May 2017.

12. Plaintiff began to suffer difficulty walking in July 2017, creating great pain, and was diagnosed with Sympathis Pubis Dysfunction ("SPD") in August 2017.

13. Because of her difficulty in walking, one of Plaintiff's subordinates provided Plaintiff with a wheelchair to assist her in maneuvering throughout the work campus. Plaintiff utilized the wheelchair on days she suffered great pain or if she had long walks on her work campus.

14. Managers and Plaintiff's subordinates often volunteered to push her when utilizing the wheelchair to travel throughout the workplace, even "fighting" over who would push her because they thought it was fun.

15. Even when utilizing a wheelchair, Plaintiff was not prevented from performing her job duties or responsibilities because of her diagnosis of SPD.

16. Plaintiff was frequently asked by her former supervisor, Maureen Smith, and her subsequent supervisor, Bryan Seiter, as well as other employees of Defendant American Family, if her medical condition would clear up and/or if Plaintiff would be able to walk after her pregnancy.

3

Case 5:18-cv-06188-SRB   Document 1   Filed 12/20/18   Page 3 of 11

17. In August 2017, Plaintiff was expected to attend an annual leadership conference in Madison, Wisconsin. Due to her medical condition, Plaintiff asked her supervisor, Maureen Smith, if she could be excused from attending. Plaintiff's request was granted, but only if she provided a doctor's note. Another employee was excused from attending without having to provide a medical excuse.

18. Brian Seiter was assigned as my supervisor in September 2017.

19. By Thanksgiving, November 2017, Plaintiff had started to experience labor symptoms and was told that she could go into labor any time and advised her supervisors of her current condition.

20. On or about November 29, 2017, Plaintiff was advised by Defendant American Family that it was reducing the number of Customer Value Team Leaders from 21 to 16.

21. All Customer Value Team Leaders, including Plaintiff, were requested to prepare a presentation based on a hypothetical event to "apply" for the positions remaining, and told that the presentations would be given between December 6, 2017 and December 8, 2017.

22. Because of Plaintiff's pending pregnancy and potential to go into labor early, Plaintiff requested to give her presentation early, on Monday December 4, 2017. Plaintiff's supervisor, Bryan Seiter, informed Plaintiff that he would need to request permission from Human Resources to allow her to present early.

23. Human Resources granted Plaintiff's request to present early on Monday, December 4, 2017. However, Bryan Seiter insisted that Plaintiff present on Wednesday, December 6, 2017 so that Plaintiff would have the "same opportunity as everyone else," and that an alternative reviewer was flying in and would not arrive until December 6, 2017. Plaintiff completed her presentation on December 6, 2017.

4

24. Plaintiff was advised, via email, on December 11, 2017 after hours that she was not selected for one of the 16 Customer Value Team leader positions and that her last day would be March 2, 2018. Plaintiff emailed her supervisor, Bryan Seiter, and requested a meeting the following day.

25. Plaintiff met with her supervisor, Bryan Seiter, on December 12, 2017 and was advised that it came down to the time the individuals had in the role, implying that candidates were selected with more time and experience in management. This was not true.

26. All of the Customer Value Team Managers were applying for the newly-named position of Underwriting Manager. At least four of the individuals selected to fulfil the Underwriting Manager positions did not have any underwriting experience and required training to be an underwriter. Plaintiff had more underwriting experience than most of the individuals selected, and had also been managing an underwriting team of processors and underwriters since 2016. Plaintiff's team was efficient and was even often requested to assist other teams that were not as successful as Plaintiff's. Plaintiff's position was replaced by a male, Bryson Mace. All of the males retained their employment with the new Underwriting Manager positions while the five employees that were not retained were all female.

27. Supervisor, Bryan Seiter, also told Plaintiff on December 12, 2017 that she could apply for other positions within Defendant American Family, specifically an underwriting position (a position Plaintiff previously held). Plaintiff applied for four positions with Defendant while on maternity leave between December 2017 and February 2018. Despite her experience, Plaintiff was not selected.

28. Plaintiff began her maternity leave immediately after being advised she was not selected for the Underwriting Manager position. Plaintiff planned to take eight weeks of paid

5

maternity leave, plus an additional four weeks unpaid leave under the Family Medical Leave Act ("FMLA"), beginning from the date of her delivery.

29. Plaintiff gave birth to her child on December 23, 2017.

30. Plaintiff contacted Human Resources to discuss her maternity and unpaid leave, since it was scheduled to run longer than March 2, 2018. Human Resources advised Plaintiff that her leave would stop as of March 2, 2018, due to her termination.

## COUNT I – SEX DISCRIMINATION

31. Plaintiff hereby incorporates paragraphs 1 through 30 of this Petition by reference, as if fully set forth in this Count I.

32. The discriminatory acts described herein are based on the Plaintiff's sex, which is female, and are in violation of R.S.Mo. §213.010 and §213.070.

33. As a direct and proximate result of the discrimination against Plaintiff in violation of the aforementioned statutes, Plaintiff has suffered monetary damages in the form of lost wages and other compensation she would have earned had she not been terminated. In addition, Plaintiff has suffered compensatory damages in the form of embarrassment, humiliation, anxiety and depression. Plaintiff's damages are in excess of $75,000.00.

34. Further, the actions of Defendant in discriminating against Plaintiff in direct violation of Missouri statutes were done intentionally, maliciously, and with willful indifference to the rights of the Plaintiff. Therefore, Plaintiff is entitled to punitive damages in an amount to be determined by the jury.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count I of her petition, after jury trial, that she has been subjected to unlawful discrimination prohibited by R.S.Mo. §231.010 et seq.; for an award of actual and punitive damages; for her costs and expenses

expended; for her reasonable attorney fees, for any negative tax consequence of the award of such damages, and for other and further relief the Court deems just and proper.

## **COUNT II – DISABILITY DISCRIMINATION**

35. Plaintiff hereby incorporates paragraphs 1 through 34 of this Petition by reference, as if fully set forth in this Count II.

36. The discriminatory acts described herein are based on Plaintiff's pregnancy as well as her medical diagnosis while pregnant, and are in violation of R.S.Mo. §213.010 et seq., and in particular, R.S.Mo. §213.070.

37. As a direct and proximate result of the discrimination against Plaintiff in violation of the aforementioned statutes, Plaintiff has suffered monetary damages in the form of lost wages and other compensation she would have earned had she not been terminated. In addition, Plaintiff has suffered compensatory damages in the form of embarrassment, humiliation, anxiety and depression. Plaintiff's damages are in excess of $75,000.00.

38. The actions and conduct set forth herein were outrageous and showed an evil and reckless indifference or conscious disregard for the rights of Plaintiff and others, and therefore Plaintiff is entitled to punitive damages, to punish and deter Defendant and others, from the like conduct.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count II of her Petition, after jury trial, that she has been subjected to unlawful retaliation prohibited by R.S.Mo. §213.010 et seq.; for an award of actual and punitive damages; for her costs and expenses expended; for her reasonable attorney fees, for any negative tax consequences of the award of such damages, and for other and further relief the Court deems just and proper.

## COUNT III – PREGNANCY-BASED DISCRIMINATION

39. Plaintiff hereby incorporates paragraphs 1 through 38 of this Petition by reference, as if fully set forth in this Count III.

40. The discriminatory acts described herein are based on Plaintiff's pregnancy, and are in violation of R.S.Mo. §213.010 et seq., and in particular, R.S.Mo. §213.070.

41. As a direct and proximate result of the discrimination against Plaintiff in violation of the aforementioned statutes, Plaintiff has suffered monetary damages in the form of lost wages and other compensation she would have earned had she not been terminated. In addition, Plaintiff has suffered compensatory damages in the form of embarrassment, humiliation, anxiety and depression. Plaintiff's damages are in excess of $75,000.00.

42. The actions and conduct set forth herein were outrageous and showed an evil and reckless indifference or conscious disregard for the rights of Plaintiff and others, and therefore Plaintiff is entitled to punitive damages, to punish and deter Defendant and others, from the like conduct.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count III of hers Petition, after jury trial, that she has been subjected to unlawful retaliation prohibited by R.S.Mo. §213.010 et seq.; for an award of actual and punitive damages; for her costs and expenses expended; for her reasonable attorney fees, for any negative tax consequences of the award of such damages, and for other and further relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues addressed herein.

Respectfully submitted,

**THE POPHAM LAW FIRM, P.C.**

By: /s/ Bert S. Braud
Bert S. Braud Mo. Bar No. 34325
712 Broadway, Suite 100
Kansas City, Missouri 64105
Telephone: (816) 221-2288
Telecopier: (816) 221-3999
E-Mail: bbraud@pophamlaw.com
**ATTORNEYS FOR PLAINTIFF**

JS 44 (Rev 09/10)

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI

## CIVIL COVER SHEET

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use only in the Western District of Missouri.

**The completed cover sheet must be saved as a pdf document and filed as an attachment to the Complaint or Notice of Removal.**

| Plaintiff(s): | Defendant(s): |
|---|---|
| First Listed Plaintiff: | First Listed Defendant: |
| DANIELLE SOLLARS ; | AMERICAN FAMILY MUTUAL INSURANCE COMPANY ; |
| 1 Citizen of This State; | NA; |
| **County of Residence:** Buchanan County | **County of Residence:** Outside This District |

**County Where Claim For Relief Arose:** Buchanan County

**Plaintiff's Attorney(s):**       **Defendant's Attorney(s):**
BERT BRAUD (DANIELLE SOLLARS)
THE POPHAM LAW FIRM
712 BROADWAY, SUITE 100
KANSAS CITY, Missouri 64105
**Phone:** 816-221-2288
**Fax:** 816-221-3999
**Email:** bbraud@pophamlaw.com

**Basis of Jurisdiction:** 4. Diversity of Citizenship

**Citizenship of Principal Parties** (Diversity Cases Only)
     **Plaintiff:** 1 Citizen of This State
     **Defendant:** NA

**Origin:** 1. Original Proceeding

**Nature of Suit:** 442 Employment
**Cause of Action:** 28 U.S.C. §1332 and Missouri Human Rights Act, R.S.Mo.§1213.010 et seq. Employment Discrimination
**Requested in Complaint**
     **Class Action:** Not filed as a Class Action
     **Monetary Demand (in Thousands):**
     **Jury Demand:** Yes
     **Related Cases:** Is NOT a refiling of a previously dismissed action

Case 5:18-cv-06188-SRB    Document 1    Filed 12/20/18    Page 10 of 11

**Signature:** /s/ Bert S. Braud

**Date:** 12/19/2018

If any of this information is incorrect, please close this window and go back to the Civil Cover Sheet Input form to make the correction and generate the updated JS44. Once corrected, print this form, sign and date it, and submit it with your new civil action.