# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| **DANIELLE SOLLARS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **Case No. 5:18-cv-06188-SR** |
| | ) | |
| **AMERICAN FAMILY MUTUAL** | ) | |
| **INSURANCE COMPANY,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT'S ANSWER TO COMPLAINT

For its Answer to Plaintiff's Complaint, Defendant American Family Mutual Insurance Company ("American Family") states as follows:

## PARTIES, GENERAL ALLEGATIONS, JURISDICTION AND VENUE

1.      Plaintiff is now, and at all times relevant to the allegations in this Complaint, was a resident and citizen of the state of Missouri.

**ANSWER:   American Family admits the allegations in Paragraph 1 upon information and belief.**

2.      Defendant, American Family Mutual Insurance Company (hereafter "American Family") is engaged in an industry affecting commerce, and, upon information and belief, employs more than 100 regular employees. Defendant American Family is a corporation authorized to do business in the state of Missouri, (containing within its charter the requisite authority to sue and be sued), and does business in this judicial district, doing business at various locations within Missouri, at relevant times

referred to herein, and specifically at 4802 Mitchell Ave., St. Joseph, MO 64507. Defendant American Family is an employer as defined in R.S.MO §213.010.

**ANSWER:** **Paragraph 2 contains legal conclusions to which a response is not required. If a response is required, subject to the meaning of "at relevant times referred to herein," American Family admits the allegations in Paragraph 2.**

3. Defendant American Family, at all times relevant hereto, are "employers" and Plaintiff was an "employee" of Defendant American Family, within the meaning of R.S.Mo. §213.010.

**ANSWER:** **Subject to the meaning of "at all times relevant hereto," American Family admits it is an employer and that it employed Plaintiff. American Family denies any and all remaining allegations in Paragraph 3.**

4. Plaintiff has exhausted all available administrative remedies. On March 26, 2018, Plaintiff filed her initial Charge of Discrimination based on discrimination of sex, pregnancy, and disability with the Missouri Commission on Human Rights ("MCHR") against Defendant AMPC, charge number E-03/18-49295, attached hereto as Exhibit "A".

**ANSWER: American Family admits Plaintiff filed a Charge of Discrimination with the MCHR, dated March 26, 2018, a copy of which is attached to the Complaint as "EX. A." The Charge of Discrimination speaks for itself. American Family denies any and all remaining allegations in Paragraph 4.**

2

5.     On September 28, 2018, the MCHR issued a Notice of Right to Sue for charge number E-03/18-49295, attached hereto as Exhibit "B". This Petition is filed within 90 days of the Notice of Right to Sue.

**ANSWER:    American Family admits the MCHR issued a letter to Plaintiff, dated September 28, 2018, a copy of which is attached to the Complaint as "EX. B." The letter speaks for itself. American Family admits Plaintiff filed a Complaint on December 20, 2018. American Family denies any and all remaining allegations in Paragraph 5, including for lack of sufficient knowledge or information to admit or deny the allegations.**

6.     This action has been timely commenced by the filing of this Petition, and Plaintiff has duly met all administrative requirements of the MHRA.

**ANSWER:    Paragraph 6 contains legal conclusions to which a response is not required. If a response is required, American Family denies the allegations in Paragraph 6.**

7.     Both jurisdiction and venue are proper in this federal Court. The amount in controversy exceeds $75,000.00. This Court has diversity jurisdiction under 28 U.S.C. §1332. All of the unlawful employment practices were committed in this jurisdiction.

**ANSWER:    American Family admits Plaintiff invokes the Court's jurisdiction and venue on the bases alleged, that the amount in controversy exceeds $75,000, and that the parties are diverse. American Family denies it engaged in any conduct giving rise to Plaintiff's claims, and denies any and all remaining allegations in Paragraph 7.**

3

8.     This case arises under the Missouri Human Rights Act, R.S.Mo. §213.010, et seq., making jurisdiction appropriate in this Court.

**ANSWER:   American Family admits Plaintiff bases her claims and the jurisdiction of this Court on the MHRA. American Family denies it engaged in any conduct giving rise to Plaintiff's claims or this Court's jurisdiction and, thus, denies any and all remaining allegations in Paragraph 8.**

## FACTUAL BACKGROUND

9.     Plaintiff was hired by Defendant American Family December 9, 2002 as a Commercial Lines Processor. Plaintiff has been promoted 3 times during her employment with Defendant American Family, with the recent promotion occurring in 2016 to Customer Value Team Manager.

**ANSWER:    American Family admits it hired Plaintiff on December 9, 2002, as a Policy Processor I. American Family further admits Plaintiff received promotions while employed, including to Commercial Customer Value Team Manager in 2016. American Family denies any and all remaining allegations in Paragraph 9.**

10.     Plaintiff performed her job duties and responsibilities satisfactorily, receiving good performance evaluations, and provided a salary increase in March 2017. Plaintiff had never received a disciplinary action, nor was she placed on a Performance Improvement Plan, during her employment tenure with Defendant American Family.

**ANSWER:    American Family admits Plaintiff received a salary increase in March 2017. American Family further admits Plaintiff did not receive a Performance Improvement Plan. American Family denies any and all remaining allegations in**

**Paragraph 10, including for lack of sufficient knowledge or information to admit or deny the allegations.**

11.     Plaintiff learned that she was pregnant in April 2017 with an expected due date of December 27, 2017, and advised Defendant of her pregnancy in approximately May 2017.

**ANSWER:  American Family admits Plaintiff disclosed her pregnancy. American Family lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 11 and, therefore, denies the same.**

12.     Plaintiff began to suffer difficulty walking in July 2017, creating great pain, and was diagnosed with Sympathis Pubis Dysfunction ("SPD") in August 2017.

**ANSWER:  American Family admits Plaintiff stated she had difficulty walking and pain attributed to her pregnancy. American Family lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 12 and, therefore, denies the same.**

13.     Because of her difficulty in walking, one of Plaintiff's subordinates provided Plaintiff with a wheelchair to assist her in maneuvering throughout the work campus. Plaintiff utilized the wheelchair on days she suffered great pain or if she had long walks on her work campus.

**ANSWER:   American Family admits Plaintiff used a wheelchair for a period of time while at work, which she obtained at work. American Family lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 13 and, therefore, denies the same.**

5

14.     Managers and Plaintiff's subordinates often volunteered to push her when utilizing the wheelchair to travel throughout the workplace, even "fighting" over who would push her because they thought it was fun.

**ANSWER:   American Family admits Plaintiff's co-workers (managers and others) assisted her in using the wheelchair while at work, and wanted to help. American Family lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 14 and, therefore, denies the same.**

15.     Even when utilizing a wheelchair, Plaintiff was not prevented from performing her job duties or responsibilities because of her diagnosis of SPD.

**ANSWER:   American Family lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 15 and, therefore, denies the same.**

16.     Plaintiff was frequently asked by her former supervisor, Maureen Smith, and her subsequent supervisor, Bryan Seiter, as well as other employees of Defendant American Family, if her medical condition would clear up and/or if Plaintiff would be able to walk after her pregnancy.

**ANSWER:   American Family denies the allegations in Paragraph 16.**

17.     In August 2017, Plaintiff was expected to attend an annual leadership conference in Madison, Wisconsin. Due to her medical condition, Plaintiff asked her supervisor, Maureen Smith, if she could be excused from attending. Plaintiff's request was granted, but only if she provided a doctor's note. Another employee was excused from attending without having to provide a medical excuse.

6

**ANSWER:** American Family admits that it did not require her to attend an August 2017 conference in Madison, Wisconsin, due to her pregnancy. American Family denies the remaining allegations in Paragraph 17, including for lack of knowledge.

18.     Brian Seiter was assigned as my supervisor in September 2017.

**ANSWER:** American Family admits Seiter became Plaintiff's direct manager in 2017. American Family denies any and all remaining allegations in Paragraph 18.

19.     By Thanksgiving, November 2017, Plaintiff had started to experience labor symptoms and was told that she could go into labor any time and advised her supervisors of her current condition.

**ANSWER:** American Family admits, in or around November 2017, Plaintiff communicated her delivery could occur sooner than expected. American Family lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 19 and, therefore, denies the same.

20.     On or about November 29, 2017, Plaintiff was advised by Defendant American Family that it was reducing the number of Customer Value Team Leaders from 21 to 16.

**ANSWER:** American Family admits it announced during the week of November 25, 2017, an intended restructure impacting the Commercial Farm Ranch Division's Customer Value Team Management. Further answering, American Family admits the restructure impacted Plaintiff and 20 other individuals. American Family denies any and all remaining allegations in Paragraph 20.

7

21.     All Customer Value Team Leaders, including Plaintiff, were requested to prepare a presentation based on a hypothetical event to "apply" for the positions remaining, and told that the presentations would be given between December 6, 2017 and December 8, 2017.

**ANSWER:   American Family admits it developed a case study on which it expected candidates for the newly-created Commercial Farm and Ranch Underwriting Team Manager position to present as part of the interview/consideration process. American Family further admits it set the interviews to occur from December 6, to December 8, 2017. American Family denies any and all remaining allegations in Paragraph 21.**

22.     Because of Plaintiff's pending pregnancy and potential to go into labor early, Plaintiff requested to give her presentation early, on Monday December 4, 2017. Plaintiff's supervisor, Bryan Seiter, informed Plaintiff that he would need to request permission from Human Resources to allow her to present early.

**ANSWER:   American Family admits Plaintiff asked if she could present earlier than the timeframe provided due to her current status. Further answering, American Family admits Seiter stated he would check with HR. American Family denies any and all remaining allegations in Paragraph 22.**

23.     Human Resources granted Plaintiff's request to present early on Monday, December 4, 2017. However, Bryan Seiter insisted that Plaintiff present on Wednesday, December 6, 2017 so that Plaintiff would have the "same opportunity as everyone else,"

8

and that an alternative reviewer was flying in and would not arrive until December 6, 2017. Plaintiff completed her presentation on December 6, 2017.

**ANSWER: American Family admits HR approved for Plaintiff to present early, if necessary. Further answering, American Family admits Plaintiff's presentation occurred on December 6, 2017, when all members of the interview team could be present. American Family denies any and all remaining allegations in Paragraph 23.**

24.     Plaintiff was advised, via email, on December 11, 2017 after hours that she was not selected for one of the 16 Customer Value Team leader positions and that her last day would be March 2, 2018. Plaintiff emailed her supervisor, Bryan Seiter, and requested a meeting the following day.

**ANSWER: American Family admits an email went to Plaintiff on December 11, 2017, at 7:01 p.m., stating she did not receive one of the Commercial Farm and Ranch Underwriting Team Manager positions. Further answering, American Family admits Plaintiff emailed Seiter about coordinating a time to meet, and he offered to meet the next day. American Family denies any and all remaining allegations in Paragraph 24.**

25.     Plaintiff met with her supervisor, Bryan Seiter, on December 12, 2017 and was advised that it came down to the time the individuals had in the role, implying that candidates were selected with more time and experience in management. This was not true.

9

**ANSWER:** American Family admits Plaintiff met with Seiter on December 12, 2017. American Family denies any and all remaining allegations in Paragraph 25.

26. All of the Customer Value Team Managers were applying for the newly-named position of Underwriting Manager. At least four of the individuals selected to fulfil the Underwriting Manager positions did not have any underwriting experience and required training to be an underwriter. Plaintiff had more underwriting experience than most of the individuals selected, and had also been managing an underwriting team of processors and underwriters since 2016. Plaintiff's team was efficient and was even often requested to assist other teams that were not as successful as Plaintiff's. Plaintiff's position was replaced by a male, Bryson Mace. All of the males retained their employment with the new Underwriting Manager positions while the five employees that were not retained were all female.

**ANSWER:** American Family admits Customer Value Team Managers applied for the newly-created Underwriting Team Manager position. Further answering, American Family admits Plaintiff had experience in underwriting and managed underwriting processors beginning in October 2016. American Family further admits the successful Underwriting Team Manager applicants consisted of 11 female applicants and 5 male applicants, and that the 3 unsuccessful candidates (including Plaintiff) are female. American Family denies any and all remaining allegations in Paragraph 26.

27. Supervisor, Bryan Seiter, also told Plaintiff on December 12, 2017 that she could apply for other positions within Defendant American Family, specifically an

10

underwriting position (a position Plaintiff previously held). Plaintiff applied for four positions with Defendant while on maternity leave between December 2017 and February 2018. Despite her experience, Plaintiff was not selected.

**ANSWER:   American Family admits Seiter informed Plaintiff on December 12, 2017, that she could apply for other job opportunities. Further answering, American Family admits Plaintiff sought four positions, including an underwriting position for which she was not selected. American Family denies any and all remaining allegations in Paragraph 27.**

28.     Plaintiff began her maternity leave immediately after being advised she was not selected for the Underwriting Manager position. Plaintiff planned to take eight weeks of paid maternity leave, plus an additional four weeks unpaid leave under the Family Medical Leave Act ("FMLA"), beginning from the date of her delivery.

**ANSWER:   American Family admits Plaintiff began paid leave on or about December 13, 2017. American Family lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 28 and, therefore, denies the same.**

29.     Plaintiff gave birth to her child on December 23, 2017.

**ANSWER:   American Family admits the allegations in Paragraph 29, upon information and belief.**

30.     Plaintiff contacted Human Resources to discuss her maternity and unpaid leave, since it was scheduled to run longer than March 2, 2018. Human Resources advised Plaintiff that her leave would stop as of March 2, 2018, due to her termination.

11

**ANSWER: American Family admits Plaintiff discussed her leave with human resources. Further answering, American Family admits Plaintiff's employment with American Family terminated on March 2, 2018, along with the other employees who did not receive positions in the restructure. American Family further admits Plaintiff's paid leave terminated on the date her employment terminated. American Family denies any and all remaining allegations in Paragraph 30.**

## COUNT I –SEX DISCRIMINATION

31.     Plaintiff hereby incorporates paragraphs 1 through 30 of this Petition by reference, as if fully set forth in this Count I.

**ANSWER: American Family hereby incorporates its ANSWERS to Paragraphs 1 through 30 of this Complaint by reference, as if fully set forth herein.**

32.     The discriminatory acts described herein are based on the Plaintiff's sex, which is female, and are in violation of R.S.Mo. §213.010 and §213.070.

**ANSWER: American Family denies the allegations in Paragraph 32, and further denies engaging in any discriminatory acts with respect to Plaintiff.**

33.     As a direct and proximate result of the discrimination against Plaintiff in violation of the aforementioned statutes, Plaintiff has suffered monetary damages in the form of lost wages and other compensation she would have earned had she not been terminated. In addition, Plaintiff has suffered compensatory damages in the form of embarrassment, humiliation, anxiety and depression. Plaintiff's damages are in excess of $75,000.00.

**ANSWER:** American Family denies the allegations in Paragraph 33, and further denies engaging in any discriminatory acts with respect to Plaintiff.

34. Further, the actions of Defendant in discriminating against Plaintiff in direct violation of Missouri statutes were done intentionally, maliciously, and with willful indifference to the rights of the Plaintiff. Therefore, Plaintiff is entitled to punitive damages in an amount to be determined by the jury.

**ANSWER:** American Family denies the allegations in Paragraph 34, and further denies engaging in any discriminatory acts with respect to Plaintiff.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count I of her petition, after jury trial, that she has been subjected to unlawful discrimination prohibited by R.S.Mo. §231.010 et seq.; for an award of actual and punitive damages; for her costs and expenses expended; for her reasonable attorney fees, for any negative tax consequence of the award of such damages, and for other and further relief the Court deems just and proper.

**ANSWER:** The "WHEREFORE" clause of Count I is not directed to American Family and does not require a response. If a response is required, American Family denies Plaintiff is entitled to any of the relief she seeks and/or to any other relief.

## COUNT II –DISABILITY DISCRIMINATION

35. Plaintiff hereby incorporates paragraphs 1 through 34 of this Petition by reference, as if fully set forth in this Count II.

**ANSWER:** American Family hereby incorporates its ANSWERS to Paragraphs 1 through 34 of this Complaint by reference, as if fully set forth herein.

13

36.     The discriminatory acts described herein are based on Plaintiff's pregnancy as well as her medical diagnosis while pregnant, and are in violation of R.S.Mo. §213.010 et seq., and in particular, R.S.Mo. §213.070.

**ANSWER:  American Family denies the allegations in Paragraph 36, and further denies engaging in any discriminatory acts with respect to Plaintiff.**

37.     As a direct and proximate result of the discrimination against Plaintiff in violation of the aforementioned statutes, Plaintiff has suffered monetary damages in the form of lost wages and other compensation she would have earned had she not been terminated. In addition, Plaintiff has suffered compensatory damages in the form of embarrassment, humiliation, anxiety and depression. Plaintiff's damages are in excess of $75,000.00.

**ANSWER:  American Family denies the allegations in Paragraph 37, and further denies engaging in any discriminatory acts with respect to Plaintiff.**

38.     The actions and conduct set forth herein were outrageous and showed an evil and reckless indifference or conscious disregard for the rights of Plaintiff and others, and therefore Plaintiff is entitled to punitive damages, to punish and deter Defendant and others, from the like conduct.

**ANSWER:  American Family denies the allegations in Paragraph 38, and further denies engaging in any discriminatory acts with respect to Plaintiff.**

WHEREFORE, Plaintiff prays for judgment against Defendant on Count II of her Petition, after jury trial, that she has been subjected to unlawful retaliation prohibited by R.S.Mo. §213.010 et seq.; for an award of actual and punitive damages; for her costs

and expenses expended; for her reasonable attorney fees, for any negative tax consequences of the award of such damages, and for other and further relief the Court deems just and proper.

**ANSWER: The "WHEREFORE" clause of Count II is not directed to American Family and does not require a response. If a response is required, American Family denies Plaintiff is entitled to any of the relief she seeks and/or to any other relief.**

<u>**COUNT III –PREGNANCY-BASED DISCRIMINATION**</u>

39.     Plaintiff hereby incorporates paragraphs 1 through 38 of this Petition by reference, as if fully set forth in this Count III.

**ANSWER: American Family hereby incorporates its ANSWERS to Paragraphs 1 through 38 of this Complaint by reference, as if fully set forth herein.**

40.     The discriminatory acts described herein are based on Plaintiff's pregnancy, and are in violation of R.S.Mo. §213.010 et seq., and in particular, R.S.Mo. §213.070.

**ANSWER:   American Family denies the allegations in Paragraph 40, and further denies engaging in any discriminatory acts with respect to Plaintiff.**

41.     As a direct and proximate result of the discrimination against Plaintiff in violation of the aforementioned statutes, Plaintiff has suffered monetary damages in the form of lost wages and other compensation she would have earned had she not been terminated. In addition, Plaintiff has suffered compensatory damages in the form of

embarrassment, humiliation, anxiety and depression. Plaintiff's damages are in excess of $75,000.00.

**ANSWER: American Family denies the allegations in Paragraph 41, and further denies engaging in any discriminatory acts with respect to Plaintiff.**

42. The actions and conduct set forth herein were outrageous and showed an evil and reckless indifference or conscious disregard for the rights of Plaintiff and others, and therefore Plaintiff is entitled to punitive damages, to punish and deter Defendant and others, from the like conduct.

**ANSWER: American Family denies the allegations in Paragraph 42, and further denies engaging in any discriminatory acts with respect to Plaintiff.**

WHEREFORE, Plaintiff prays for judgment against Defendant on Count III of hers Petition, after jury trial, that she has been subjected to unlawful retaliation prohibited by R.S.Mo. §213.010 et seq.; for an award of actual and punitive damages; for her costs and expenses expended; for her reasonable attorney fees, for any negative tax consequences of the award of such damages, and for other and further relief the Court deems just and proper.

**ANSWER: The "WHEREFORE" clause of Count III is not directed to American Family and does not require a response. If a response is required, American Family denies Plaintiff is entitled to any of the relief she seeks and/or to any other relief.**

## ANSWER TO ALL ALLEGATIONS

American Family denies each and every allegation in Plaintiff's Complaint that it did not specifically admit in its Answer.

## AFFIRMATIVE AND OTHER DEFENSES

American Family incorporates herein by reference its ANSWERS above to support its affirmative and other defenses. In addition, American Family sets forth the following affirmative and other defenses. For its affirmative defenses (i.e., those defenses for which American Family will have the burden of proof), as well as its other defenses, American Family provides facts where appropriate based on its investigation to date and upon information and belief, and otherwise puts Plaintiff on notice of its defenses. As American Family's investigation is ongoing, it reserves the right to seek leave to amend this Answer to the extent just and appropriate, in accordance with the Federal Rules of Civil Procedure.

1. American Family denies all allegations not specifically admitted.

2. Plaintiff's Complaint fails to state a claim for which relief may be granted. For example:

   a. Plaintiff has failed to set forth (and cannot set forth) sufficient facts to support any claim of sex discrimination, which claim American Family specifically denies. Among other things, Plaintiff's Complaint fails to provide (and Plaintiff cannot provide) sufficient factual allegations to support (i) a causal connection under the applicable standard between her sex and any adverse employment action; (ii) the presence of pretext in any legitimate, non-

17

discriminatory reason(s) for the challenged employment action(s); and/or (iii) any resultant damages. To illustrate, Plaintiff's Complaint is devoid of factual allegations supporting her qualification for positions she sought at American Family or that she had superior qualifications when compared to other candidates. The Complaint is similarly lacking in allegations supporting pretext. Indeed, Plaintiff's sex discrimination claim is based on conclusory allegations.

b. Plaintiff has failed to set forth (and cannot set forth) sufficient facts to support a claim for disability discrimination, which claim American Family specifically denies. Among other things, Plaintiff's Complaint fails to provide (and Plaintiff cannot provide) sufficient factual allegations to support (i) her status as a qualified individual with a disability; (ii) a causal connection under the applicable standard between her alleged disability and any adverse employment action; (iii) the presence of pretext in any legitimate, non-discriminatory reason(s) for the challenged employment action(s); and/or (iv) any resultant damages. To illustrate, Plaintiff's Complaint sets forth no facts supporting her qualification for positions she sought at American Family or that she had superior qualifications when compared to other candidates. Similarly, there are no "facts" to support any disability animus because Plaintiff's pleaded "facts" show she received positive treatment in that American Family granted numerous requests she made related to her alleged condition.

c. Plaintiff has failed to set forth (and cannot set forth) sufficient facts to support any claim of pregnancy discrimination, which claim American Family

specifically denies. Among other things, Plaintiff's Complaint fails to provide (and Plaintiff cannot provide) sufficient factual allegations to support (i) a causal connection under the applicable standard between her pregnancy and any adverse employment action; (ii) the presence of pretext in any legitimate, non-discriminatory reason(s) for the challenged employment action(s); and/or (iii) any resultant damages. To illustrate, Plaintiff's Complaint is devoid of factual allegations supporting her qualification for positions she sought at American Family or that she had superior qualifications when compared to other candidates. The Complaint is similarly lacking in allegations supporting pretext. Indeed, Plaintiff's pregnancy discrimination claim is based on conclusory allegations.

3.      Plaintiff has not (and cannot) set forth sufficient facts to prove essential elements of claims against American Family for sex discrimination, disability discrimination, and/or pregnancy discrimination.

4.      American Family was/is an equal opportunity employer that does not discriminate, harass, or retaliate against employees on the basis of any protected status and/or activity.

5.      At all relevant times, American Family had in place and continues to have in place, policies expressly prohibiting all forms of discrimination, harassment, and retaliation in the workplace, which were, and continue to be, widely distributed to employees, including Plaintiff. American Family educates its employees on such policies, conducts training on such policies, and enforces such policies. Those policies

19

contain effective complaint procedures and American Family adheres to them. To the extent Plaintiff experienced or believed she experienced discrimination of any kind, which American Family denies, her claims are barred in whole or in part due to her unreasonable failure to avail herself promptly of the preventative and remedial measures available to her.

6.     American Family is not liable for any alleged discrimination because it acted promptly to investigate and address any and all alleged discriminatory behavior of which it was aware, the existence of which American Family denies.

7.     Any and all actions taken by American Family with respect to Plaintiff were based on/motivated by legitimate and lawful factors/reasons, consistent with business necessity, and in the good faith exercise of reasonable business judgment. For example, American Family based the hiring decision(s) challenged in the Complaint on business-related and qualification-related reasons, and not based on any protected status or activity. Similarly, American Family terminated Plaintiff's employment for only legitimate, non-discriminatory reasons, including because she was not one of the sixteen highest scoring/most qualified candidates for the Commercial Farm and Ranch Underwriting Team Manager position, and/or the underwriting position to which Plaintiff applied.

8.     American Family would have made/taken the same employment decisions/actions with respect to Plaintiff absent any unlawful or impermissible considerations, the existence of which unlawful or impermissible considerations American Family specifically denies.

20

9. Plaintiff's claims are barred and/or the Court lacks jurisdiction over Plaintiff's claims to the extent she failed to file a Charge of Discrimination regarding the specific discriminatory conduct alleged in the Complaint. In other words, Plaintiff failed to exhaust her administrative remedies on all claims and theories advanced in her Complaint and/or the Complaint exceeds the scope of Plaintiff's Charge of Discrimination.

10. To the extent Plaintiff seeks to assert claims she did not include in her Charge of Discrimination and/or otherwise seeks to assert claims that exceed the scope of her Charge of Discrimination, this Court lacks subject matter jurisdiction over any such claims because Plaintiff failed to perfect/preserve them through the administrative agency process.

11. Plaintiff's claims are also barred in whole or in part by the applicable statutes of limitations and/or applicable regulatory filing periods to the extent Plaintiff's claims seek to recover for alleged (but disputed) act(s) of discrimination beyond those applicable periods.

12. Plaintiff's claims are barred in whole or in part by the doctrines of laches, unclean hands, waiver, and/or estoppel. American Family needs additional facts to further support this affirmative defense but hereby puts Plaintiff on notice of the defense.

21

13.     American Family made no decision nor took any action against Plaintiff motivated by malice or evil motive or intent, nor was American Family callously indifferent to Plaintiff's protected rights.

14.     American Family has acted in good faith toward Plaintiff and acted in compliance with applicable laws. Pursuant to *Kolstad v. American Dental Association*, 119 S. Ct. 2118 (1999), American Family cannot be held vicariously liable for punitive damages based on the alleged discriminatory, harassing, or retaliatory employment decisions of managers or co-workers, as any unlawful decisions were contrary to its good faith efforts, instructions, and publications to comply with all applicable civil rights statutes.

15.     Plaintiff's alleged damages are barred in whole or in part to the extent Plaintiff seeks to recover damages in excess of the type(s) and amount(s) allowed or provided by applicable law.

16.     Plaintiff has not suffered any damages as a result of any alleged unlawful conduct by American Family, which unlawful conduct American Family specifically denies.

17.     The acts of which Plaintiff complains either did not occur or did not occur as Plaintiff alleged.

18.     Plaintiff is not entitled to relief to the extent she failed to mitigate her alleged damages by, among other things, failing to obtain alternative, comparable employment and such failure is unreasonable under the circumstances. Plaintiff is also not entitled to relief to the extent her damages are too speculative to permit recovery.

22

Additionally, American Family is entitled to a credit and/or set-off for any amount of earnings Plaintiff has received since the alleged adverse employment action(s).

19.     The standard(s) used to determine the amounts of emotional distress and other damages, if any, are overly vague and arbitrary. As such, the standard(s) supply no notice of potential repercussions of alleged unlawful conduct, thereby denying American Family due process under the Fifth and Fourteenth Amendments to the United States Constitution, as well as applicable Missouri equivalents. American Family also affirmatively asserts that any request for arbitrary emotional distress damages and/or subsequent imposition of such damages violates its rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, as well as similar provisions of Missouri law.

20.     Any injury or emotional distress suffered by Plaintiff was caused by her own acts and/or acts of third parties.

21.     American Family denies that it, or any of its employees or agents, acting within the course and scope of their employment or agency, violated any statute or caused any damage/injury to Plaintiff.

22.     Any injury to Plaintiff, the existence of which American Family specifically denies, was not reasonably foreseeable, was not proximately caused by American Family, and was caused by Plaintiff and/or by third parties over whom American Family had no control or who were acting outside the course and scope of their employment with American Family, and who were not acting in furtherance of

23

American Family's business. Consequently, American Family is not liable for the alleged conduct.

23.     Plaintiff is not entitled to any award for lost back wages or future wages for any period during which she was/is unable to work. Additionally, compensatory damages are not available for some or all of Plaintiff's claims.

24.     Without conceding the burden of proof, liability, or that Plaintiff was damaged by any action of American Family, which American Family denies, American Family states any alleged harm suffered by Plaintiff is subject to apportionment based on other stressors and factors in Plaintiff's life.

25.     American Family has made a good faith effort to comply with all applicable laws. Thus, Plaintiff is not entitled to an award of punitive damages. Moreover, any claim for punitive damages is barred because any such request seeks damages in violation of the due process, equal protection, and cruel and unusual punishment provisions of the United States Constitution, as well as similar provisions of Missouri law.

26.     Plaintiff is not entitled to recover punitive, liquidated, and/or exemplary damages because her employer in good faith adopted and attempted to comply with its EEO policies and because no employee who violated those policies, the existence of which violation is specifically denied, had sufficient authority/discretion to subject his/her employer to punitive, liquidated, and/or exemplary damages under applicable law.

27.     Any award of punitive damages in this case would deprive American Family of property without due process of law in violation of federal and state constitutions, including the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution as well as the Missouri State Constitution counterparts.

28.     Plaintiff's claims are barred or limited by the amendments to the Missouri Human Rights Act effective August 28, 2017.

29.     American Family is currently without knowledge/information sufficient to set forth all relevant facts in support of their affirmative defenses and/or to form a belief as to whether it may have additional, as yet unstated, defenses available.

30.     American Family reserves the right to amend its Answer; to add additional or other affirmative defenses, including related to after-acquired evidence based on discovery; to delete or withdraw affirmative defenses; and to add such counterclaims as may become apparent or necessary after a reasonable opportunity for discovery or otherwise.

WHEREFORE, having fully answered Plaintiff's Complaint, American Family requests this Court dismiss Plaintiff's Complaint in its entirety and award American Family its costs, attorneys' fees, and any additional relief this Court deems just and proper.

25

Respectfully submitted,

/s/ Curtis R. Summers
Curtis R. Summers, #58352
Alyssa S. Gonnerman, #67137
**LITTLER MENDELSON, P.C.**
1201 Walnut Street, Suite 1450
Kansas City, MO  64106
Telephone: 816.627.4400
Facsimile: 816.627.4444
csummers@littler.com
agonnerman@littler.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing was filed using the Court's e-filing system this 4th day of February, 2019, which sent notice of same to the following:

Bert S. Braud
THE POPHAM LAW FIRM, P.C.
712 Broadway, Suite 100
Kansas City, MO 64105
bbraud@pophamlaw.com
**ATTORNEY FOR PLAINTIFF**

/s/ Curtis R. Summers
Attorney for Defendant

26